0IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **Luis A. Gonzalez Lopez and Ivelisse Vargas, personally and as members of the Legal Conjugal Partnership comprised by both; and, as parents of their minor child, R.G.V.**<br><br>Plaintiffs<br><br>v.<br><br>**United States of America**<br><br>Defendants | Civil No. _____<br><br><br>**Personal Injury; Medical Malpractice** |

**COMPLAINT**

**TO THE HONORABLE COURT:**

    **NOW COMES**, Co-plaintiffs, **Luis A. González-López** and his wife **Ivelisse Vargas**, personally and as members of the **Legal Conjugal Partnership Comprised by both**; and as parents of their minor child, **RGV**, through their legal representation that STATE and PRAY as follows:

    1.    This action arises under 28 USC Sec.1331, and the Federal Tort Claim Act, 20 USC Secs. 2671-2680.   This court also is vested with jurisdiction pursuant to 28 USC sec. 1346(b) and 42 USC sec. 201.

    2.    Luis A. González-López and his wife, Ivelisse Vargas are both of legal age, married to each other and residents of San Sebastián, Puerto Rico.  They were married pursuant to the Conjugal Partnership Laws of Puerto Rico.  They are the parents of minor RGV and appear herein personally and as "*parens potestas*" of RGV.

3. Co-Plaintiff RGV, represented in this Complaint by his parents named herein above, is a minor who resides in San Sebastian, Puerto Rico, which is within the United States District Court for the District of Puerto Rico.

4. The acts and omissions, herein after more fully explained occurred in Puerto Rico and within this Court's jurisdiction.

5. Centro de Salud de Lares is a federally supported health facility under 42 USC § 201, at all pertinent times, deemed eligible for FTCA malpractice coverage.

6. Dr. Camillie Jusino Pozo is and was at all relevant time, a physician practicing as a pediatrician at the above health facility and deemed an employee of Centro de Salud de Lares acting within the scope of her office or employment.

7. At all relevant times, the Centro de Salud de Lares, as health facility and Dr. Camille Jusino Del Pozo as physician respectively, had a relationship with RGV. As care givers and as such, owed him a duty of care.

8. Defendant, United States of América, provides liability insurance, to Centro de Salud de Lares and Dr. Camille Jusino Del Pozo under the FTCA for personal injuries resulting from, among other things, medical malpractice. Defendant United States of América is responsible for damages caused to plaintiffs.

9. Both, the Centro de Salud de Lares, Inc. and Dr. Camille Jusino Del Pozo, owed RGV, a degree of care, skills, diligence and attention used by hospitals and physicians generally recognized as the best care and treatment of patients in the field of medicine.

10. RGV was born with a condition known as cryptorchidism, that is, undescended testis to the scrotum sac. They are retained in the inguinal canal.

11. Failure to promptly identify the condition create serious consequences to the minor child as it develops.

12. As part of the physical examination of a child, especially a newborn, by a pediatrician the standard of case dictates that a history and full examination be performed, including the genitalia. The standard of care in a case like this requires, among other things, to provide a through physical examination, close follow-up and prompt referral if the teste are not located in the scrotum sac by six months of age.

13. Dra. Camille Jusino Del Pozo failed to discover and diagnosed the condition of undescended tests of RGG; failed to record such incident; failed to give proper follow up to the condition; and, failed to promptly refer RGV to an specialist, i.e., a pediatric urologist.

14. Undescended testis is a condition which, if not properly and promptly diagnosed and treated creates and increases the risks of developing into cancer and infertility. These risks increases as the time of diagnosis and treatment is delayed.

15. In RGV, the failure to properly and promptly diagnose and treat his condition of undescended testis has the probable consequence that or probabilities RGV may be sterile.

16. In addition, such negligent actions has the probable consequence or probability that RGV may develop cancer.

COMPLAINT
Page -4-

17. Or on about January 11, 2007, when RGV was five (5) months old, Co-Plaintiff minor came under the care and treatment of Dr. Camille Jusino Del Pozo and others, at the Centro de Salud de Lares, Inc.'s Hospital. The other individuals were likewise hospital staff members and employees of Defendant. While under such care and treatment, minor Co-Plaintiff's was examined and evaluated by Dr. Camille Jusino Del Pozo. The physical examination was documented and, among other things, Dr. Camille Jusino Del Pozo made annotations to the effect that the boy's "testes" were down, indicating that they had descended and in the scrotum sac.

18. Subsequently, when the RGV was six (6) years old, plaintiffs took their minor son to another physician in the town of San Sebastian, Puerto Rico who, to the parent's extreme surprise, told them that the minors' testicles had not descended. RGV was immediately referred to Dr. Báez, a pediatric urologist. Dr. Báez operated RGV by removing one of the testes and causing the other one to drop down to its sac.

19. Centro de Salud de Lares, Inc., Dr. Camille Jusino del Pozo and other employees and agents of Defendant, in so treating Co-Plaintiff minor deviated from standard approved pediatric practice by failing to diagnose the minor Co-Plaintiff's true condition and by failing to perform necessary diagnostic tests required to make a proper diagnosis and referral to specialists.

20. As a result of the carelessness, negligence and malpractice of the agents and employees of Defendant, as described above, Plaintiffs have suffered pain, mental anguish, bodily injury, permanent disability, and medical and hospital expenses, and will

COMPLAINT
Page -5-

continue in the future to suffer pain, mental anguish, bodily injuries, and medical and hospital expenses.

21. A complaint was originally filed on August 23, 2013 before the Court of First Instance, Arecibo Part against Dr. Camille Jusino Del Pozo and others. On February 5th, 2014 the U.S. Department of Health and Human Services on behalf of defendant, Dr. Camille Jusino Del Pozo deemed employee of the U.S. Department of Health and Human Services. On April 22, 2014 the United States of America on behalf of the U.S. Department of Health and Human Services and Dr. Camilla Jusino Del Pozo requested the dismissal as to them inasmuch as claimant was required to file an Administrative Claim under the Federal Torts Claim Act prior to filing a complaint. Plaintiffs' acquiesced to the dismissal without prejudice in order to comply with the administrative procedure.

22. On January 12, 2015, Plaintiffs submitted a claim, based on these allegations, in the amount of $1,500,000.00 to United States Department of Health and Human Services.

23. On June 29, 2015, the claim was rejected by the Department of Health and Human Services. Pursuant to 28 USCA §1346 (b) plaintiffs are filing the present Complaint.

**WHEREFORE**, Plaintiffs requests judgment against Defendant as follows:

1. Damages to RGV in the amount of $1,000,000.00 for pain bodily injury and suffering, and future medical, hospital and house care.

2. Damages to Luis A. Gonzalez Lopez in the amount of $250,000.00 for pain and suffering and future medical, hospital and homecare of the minor.

3. Damages to Ivelisse Vargas in the amount of $250,000.00 for pain and suffering and future medical, hospital and homecare of the minor.

4. Plaintiffs' costs in this action; and

5. Such other and further relief as the Court may deem just and proper.

In San Juan, Puerto Rico this 21st, day of August, 2015.

*S/ Héctor M. Cuebas Tañón*
**HECTOR M. CUEBAS TAÑON**
**VICENTE & CUEBAS**
P.O. Box 11609
San Juan, PR  00910-1609
Tel:  (787) 751-8000
Fax: (787) 756-5250
**USDC-PR112202**
hcuebas@vc-law.net
virizarry@vc-law.net

A: 3366-01